UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-262-MOC-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DAVONTE ANTONIO SMITH, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (#38). Defendant, a 29-year-old black male seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

**I.     BACKGROUND**

Defendant is serving a sentence of 121 months of imprisonment, after pleading guilty in 2015 in this Court to one count of Hobbs Act Robbery and aiding and abetting thereof, in violation of 18 U.S.C. §§ 1951 and 2 and one count of Carjacking and aiding and abetting thereof, in violation of 18 U.S.C. §§ 2119 and 2. Defendant's projected release date is November 8, 2023.

Defendant is currently incarcerated at FCI Allenwood-Medium in White Deer, Pennsylvania. As of November 24, 2020, BOP reported FCI Allenwood-Medium currently has 49 inmates and 2 staff members who have tested positive for COVID-19. See Federal Bureau of Prisons, COVID-19 Cases, at https://www.bop.gov/coronavirus/ (accessed November 24, 2020).

-1-

As of November 24, 2020, BOP reported that zero inmates have died, zero staff have died, and 116 inmates and 12 staff members have recovered from COVID-19 at FCI Allenwood-Medium. (Id.).

On April 6, 2020, Defendant filed a request with the warden at FCI Allenwood-Medium to be considered for compassionate release. On April 10, 2020, the warden denied his request. On October 27, 2020, Defendant filed the pending motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government has responded and opposes early release.

**II.     DISCUSSION**

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

---

[1]   The policy statement refers only to motions filed by the BOP Director. That is because the

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

Defendant has not asserted any conditions establishing "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A). First, there is no evidence Defendant is suffering from a terminal illness. Therefore, the first category of "extraordinary and compelling reasons" is not met. Nor does Defendant meet the second category of "extraordinary and

---

policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf. 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

compelling reasons." There is no evidence Defendant is suffering from a serious physical medical condition that substantially diminishes Defendant's ability to provide self-care within a correctional facility. In fact, the prison warden rejected Defendant's request for compassionate release or sentence reduction in light of Defendant's medical assignment of Care Level 1, healthy or simple chronic care.

In his request to the BOP for a reduction in sentence, Defendant claims to have "a bad immune system." There is no evidence in Defendant's BOP medical records to corroborate this assertion. The only ailments the BOP medical records reflect Defendant receiving treatment for are varicocele of his left testicle and mild pain in his knees from playing sports. Here, Defendant has not identified a medical condition that falls within one of the categories specified in the policy statement's application note. Defendant has asserted no medical condition that would place him in the CDC's high-risk categories for COVID-19 infection and resulting serious illness or death. Therefore, Defendant's condition does not constitute an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A).

Defendant's request for a sentence reduction is also denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. The facts underlying his current conviction indicate Defendant's propensity to violence and endangering the community. On June 25, 2014, Defendant sold marijuana to the victim, and shortly after the deal, robbed and carjacked the victim. During the robbery, Defendant hit the victim with what appeared to be a gun. An unidentified accomplice pistol-whipped the victim after the victim was pushed out of his car. Defendant drove off with the victim's Dodge Challenger, and the victim was dragged by the other assailant's car into

-4-

Case 3:14-cr-00262-MOC   Document 44   Filed 12/11/20   Page 4 of 5

Beatties Ford Road.  Defendant then led police on a high-speed chase on the interstate, which culminated in Defendant's arrest.  Defendant waived his Miranda rights and told police that he met with the victim to do a drug deal and then robbed him at the Shell station.  Defendant admitted that he had a gun and he took the victim's car.  Defendant refused to identify his accomplice and claimed he did not know what happened to the gun.

Defendant's history and characteristics also weigh against early release.  Defendant's BOP disciplinary record reveals a significant number of disciplinary violations in BOP, and Defendant has been assessed by BOP with a PATTERN score of High-Risk Recidivism Level.  Defendant's Criminal History Category is III and includes five prior convictions for misdemeanor possession of marijuana in Mecklenburg County District Court and a prior conviction for Carrying a Concealed Weapon, in Mecklenburg County District Court.

Finally, to the extent that Defendant seeks to be released to home confinement, this Court has no authority to direct BOP to place a defendant in home confinement.  Rather, such designation decisions are committed solely to BOP's discretion.  See 18 U.S.C. § 3621(b); United States v. Voda, 994 F.2d 149, 151–52 (5th Cir. 1993).  In light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (#38), is **DENIED**.

Signed: December 11, 2020

Max O. Cogburn Jr.
United States District Judge